Mr. John G. Hubbard Dunedin City Attorney Post Office Box 1178 Dunedin, Florida 34698-1178
Dear Mr. Hubbard:
May the City of Dunedin use proceeds from the Local Government Infrastructure Surtax, under s. 212.055(2), F.S., to pay debts incurred prior to referendum approval for the levy of the surtax.
In sum:
Proceeds from a Local Government Infrastructure Surtax may not be used to service debt incurred prior to referendum approval of the surtax.
You state that the City of Dunedin, in September 1989, entered into a loan agreement with a private bank to fund the construction of a stadium and to finance equipment necessary for its operation. In 1988, the city issued bonds to finance the purchase of real property to be developed as a park. You wish to know if the proceeds from the levy of a local infrastructure surtax passed by referendum approval in November 1989 and effective February 1, 1990 through January 31, 2000, may be used to service the debt incurred for these projects prior to passage of the surtax.
Section 212.055(2), F.S., authorizes the governing authority of each county to levy a discretionary sales surtax of 0.5 or 1 percent pursuant to an ordinance enacted by a majority of the members of the governing body and approved by a majority of the electors of the county voting in a referendum on the surtax. The proceeds of the surtax and any interest accrued thereon shall be used "to finance, plan, and construct infrastructure."[1]
Furthermore, the statute provides that "[n]either the proceeds nor any interest accrued thereto shall be used for operational expenses of any infrastructure."[2] Section 212.055(2)(e), F.S., provides that "[c]ounties and municipalities receiving proceeds under the provisions of this subsection may pledge such proceeds for the purpose of servicing new bond indebtedness incurred pursuant to law."
This office, in AGO 88-59, concluded that the proceeds received under the provisions of s. 212.055, F.S., can be pledged only for the service of new debt, thereby precluding their use to refund or pay off a bond indebtedness incurred prior to the enactment of the statute.[3] As found in that opinion, the language of the statute is clear and provides the legislative intent that the statute does not contemplate using the proceeds of the surtax to pay off or refund bond indebtedness incurred prior to the effective date of the act.[4]
In this case, however, the City of Dunedin has incurred the debt after the effective date of the act, but prior to the approval of the surtax in a referendum. A review of the legislative history of the act shows that "under no circumstances would local government tax proceeds be used to service debt existing prior to referendum approval of the surtax."[5]
In light of the above, the City of Dunedin may not use the proceeds from the levy of a surtax to service debt or bond indebtedness incurred prior to approval of the surtax.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 212.055(2)(d)1., F.S. See, s. 212.055(2)(d)2., F.S., defining "infrastructure," for purposes of this section, to mean "any fixed capital expenditure or fixed capital costs associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto."
[2] Section 212.055(2)(d)1., F.S.
[3] See, AGO 88-59.
[4] Cf., s. 212.055(2)(d)1., F.S., providing that "[c]ounties, as defined in s. 125.011(1), may, in addition, use the proceeds to retire or service indebtedness incurred for bonds issued prior to July 1, 1987 . . . ."
[5] See, House Bill 1421, Florida House of Representatives 1987; Tape 1 of 2, House Local Government Subcommittee Meeting, May 27, 1987.